

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. L. Elliott
County Attorney
Stephens County
Breckenridge, Texas

Dear Sir:

Opinion No. O-4945

Re: Is the discontinuance of the service of county auditor entirely within the discretion of the district judge, or is said judge duty bound to discontinue the services of said office upon recommendation of the commissioners' court?

Your letter of October 15, 1942, requesting the opinion of this department on the above stated question reads in part as follows:

"I have the following inquiry for which I seek an opinion from your office:

"At the present time, we have a County Auditor who was appointed by the District Judge of 90th Judicial District in Stephens County, Texas, sometime last year. The 1940 census showed Stephens County to have a population of 12,356. The total tax evaluation for this year as shown by the Tax Collector's record is $10,207,830.00. There has been a question raised as to the necessity of such County Auditor, and my inquiry involves the necessary steps or procedure to be taken in abolishing said County Auditor?

"According to Art. 1646, R. C. S., the appointment of such auditor comes about when the Commissioner's Court declares such man is a public necessity. And it further provides that the judge shall have power to discontinue said office at any time after the expiration of one year when it is clearly shown that such auditor is not a public necessity.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

645

"Is the discontinuance of this office entirely
up to the discretion of the District Judge, or is
said judge duty bound to discontinue said office
upon recommendation of the Commissioner's Court?

". . . ."

Under the facts stated in your letter the county
auditor was appointed in the year 1941. According to the
population of said county according to the 1940 Federal cen-
sus and the assessed tax valuation of said county, Stephens
County was not entitled to an auditor, except when appointed
to said office as provided for in Articles 1646 and 1647,
Vernon's Annotated Civil Statutes. For the purposes of this
opinion we think that Articles 1645, 1646 and 1647 are the per-
tinent statutes. We do not deem it necessary to quote these
statutes.

We think that the case of Weaver v. Commissioners'
Court of Nacogdoches County, 146 S. W. (2d) 170, among other
things, specifically answers your inquiry.

We quote from the above mentioned case as follows:

"The legislature has undoubtedly created the
office of county auditor. The creation of an of-
fice is peculiarly a legislative matter. The of-
fice exists for Nacogdoches County the same as for
counties mentioned in Article 1645. In our opin-
ion, the error in defendant's position results
from the idea that the commissioners' court 'creates'
the office in the manner provided by Article 1646,
or brings it into operation. In our judgment, this
article merely furnishes a method by which an ap-
pointment to the office is made. It will be noted
that Article 1646 provides that if the commission-
ers' court shall determine that an auditor is a
public necessity, and shall do certain things, the
district judge shall appoint an auditor. After
such appointment is made, the appointee 'shall
qualify and perform all the duties required of
county auditors by the laws of this State'. The
provisions that the district judge may 'discontin-
ue the office of such county auditor' manifestly
means that he may discontinue the services of such
auditor. Clearly it is not meant that the district

judge may abolish the office. It is obvious that
the legislature designedly placed the appointing
power in the district judge rather than in the com-
missioners' court. Likewise the power to discon-
tinue the services of the auditor was wisely placed
with such judge rather than with the court. The
office of auditor has the most intimate relation
to the actions of the commissioners' court and the
commissioners themselves. It is of the highest
public concern that such an officer be left entire-
ly free from the control of these officers, even
to the extent of a possible removal by the discon-
tinuance of the duties of his office. In addition,
it is of great public importance that a skilled and
experienced officer of this kind, already familiar
with the financial conditions of the county and its
business, should not be subjected to the possible
results of each biennial election. It is our opin-
ion that when the commissioners' court once takes
action which leads to the appointment of an auditor
for a county, such as is referred to in Article
1646, such county, so far as the office is concerned,
and the appointment of an incumbent thereof is con-
cerned, becomes exactly like counties designated
in Article 1645; subject to the power of the dis-
trict judge alone to discontinue the services of
such auditor in the manner as provided in Article
1646."

In view of the foregoing it is the opinion of
this department that the district judge alone has the power
to discontinue the services of such auditor in the manner as
provided in Article 1646, Vernon's Annotated Civil Statutes.

Trusting that the foregoing fully answers your in-
quiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

APPROVED OCT 27, 1942

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

AW:mp

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN